UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:09-CR-1 |
| | ) | (VARLAN/SHIRLEY) |
| DEFOREST ZAIRE SHELL, | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's Motion for Resentencing Pursuant to the Retroactive Amendment to the Sentencing Guidelines [Doc. 33]. In the motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 750 to the U.S. Sentencing Guidelines (the "Guidelines"). The defendant requests a reduction from his original sentence of 60 months' imprisonment, to an amended sentence of 39 months' imprisonment. The United States submitted a response [Doc. 34] to the defendant's motion, stating that the defendant is correct that Amendment 750, effective November 1, 2011, reduces the defendant's applicable Guidelines range and that the Court has discretion to reduce the defendant's sentence subject to the limitations of § 3582(c)(2) and U.S.S.G. § 1B1.10. The government recommends, however, that the Court decline to exercise such discretion in this case. The defendant has submitted a reply [Doc. 35], asserting that the government's recommendation should be rejected and that a reduction is warranted.

## I. Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The applicable policy statement is U.S.S.G. § 1B1.10, which designates the amendments to the Guidelines which may be applied retroactively. *See Dillon v. United States*, — U.S. —, —, 130 S.Ct. 2683, 2691 (2010) ("A court's power under § 3592(c)(2) . . . depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive."); *see id.* at 2693 (describing the Sentencing Commission's retroactivity determinations made pursuant to 28 U.S.C. § 994(u) as "binding").

Section 1B1.10 provides, in relevant part, that:

(a)   Authority. --

> (1) In General. -- In case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as result of an amendment to the Guidelines Manual listed in subsection (c)

> below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> . . . .
>
> (b) Determination of Reduction in Term of Imprisonment. --
>
> (1) In General. -- In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) Limitations and Prohibition on Extent of Reduction. –
>
> (A) In General. -- Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(a), (b) (revised Dec. 11, 2007). In addition to these limits, § 1B1.10 also states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may also consider a defendant's post-sentencing conduct. *Id.*

The Fair Sentencing Act of 2010, Pub. L. 111-120, 124 Stat. 2372 (2010) (hereinafter, the "FSA"), directed the Sentencing Commission to promulgate emergency amendments that would bring the Guidelines into conformity with its provisions. The result of that directive was Amendment 748, a temporary, emergency amendment, which included a downward adjustment of the base offense levels for possession of crack cocaine. On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated Amendment 750 in Appendix C of the Guidelines. *See* 76 Fed. Reg. 41332-41335 (June 13, 2011). On November 1, 2011, Amendment 750 went into effect, authorizing retroactive application of the lowered offense levels contained in the FSA for offenses involving possession of crack cocaine.

Because Amendment 750 may now be applied retroactively, *see* U.S.S.G. § 1B1.10(c), if the sentencing range for the defendant's offense has been lowered by Amendment 750, the Court has discretion under § 3582(c)(2) to reduce the defendant's sentence, after first considering the § 3553 factors and whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**II.  Analysis**

The defendant was convicted of possessing with intent to distribute more than fifty (50) grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) [Doc. 31]. At the time of sentencing, the defendant was held accountable for 67 grams of crack cocaine, yielding a base offense level of 30 [Presentence Investigation Report (the "PSR"), ¶¶ 15, 17]. A two-level reduction applied to the defendant's offense level due to the application of the safety valve provision of the Guidelines, pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), along with a three-level reduction for acceptance of responsibility, resulting in a total offense level of 25 [*Id.*, ¶¶ 18, 21, 23]. Based on a total offense level of 25 and a criminal history category of I, the defendant's applicable Guidelines range was 57 to 71 months' imprisonment [PSR, ¶¶ 35, 68]. Although the defendant's offense carried a statutory mandatory minimum sentence of 20 years' imprisonment, because the Court found that the defendant satisfied the conditions in § 3553(f), the defendant was sentenced without regard to the statutory mandatory minimum [*Id.*, ¶¶ 66-68; Doc. 32, pp. 4-6]. On February 10, 2010, the Court sentenced the defendant to 60 months' imprisonment, a sentence that is 21% above the bottom of the defendant's Guidelines range, followed by a five-year term of supervised release [Doc. 31]. According to the Bureau of Prisons, the defendant presently has a release date of August 12, 2012.

Both the defendant and the government agree that the defendant's initial Guidelines range is based on the Guidelines for cocaine base offenses that were in effect prior to November 1, 2011 and thus, that range is affected by Amendment 750 [Doc. 33; Doc. 34].

Pursuant to Amendment 750, 67 grams of crack cocaine would yield a base offense level of 26. After a two-level safety valve reduction and a three-level reduction for acceptance of responsibility, and, when combined with the defendant's criminal history category of I, the defendant's amended Guidelines range is 37 to 46 months' imprisonment. Because this Guidelines range is lower than the range previously applicable to the defendant, the Court agrees that the defendant is eligible for a sentence reduction under § 3582(c)(2). Accordingly, the Court may reduce the defendant's sentence after considering the § 3553 factors if it finds that a reduction is consistent with the applicable policy statement. The lowest sentence authorized by Amendment 750 is a sentence of 37 months' imprisonment. A sentence with a commensurate 21% upward adjustment from the bottom of the defendant's amended Guidelines range would result in a sentence of 40 months' imprisonment.[1] Should the defendant receive an amended sentence of 40 months' imprisonment, he would be eligible for immediate release resulting in a time served sentence.

The government argues that the relevant § 3553(a) factors indicate that the Court could reasonably conclude that no reduction in the defendant's sentence is warranted. As grounds for this position, the government asserts that while the defendant technically qualified for the two-level reduction per the safety valve, his criminal history category of I does not adequately account for his criminal history. The government notes that the

---

[1]The defendant submits that a commiserate sentence would be 39 months' imprisonment. However, as the probation officer points out in the memorandum regarding retroactivity, it appears that a commiserate sentence would actually be 40 months' imprisonment, rather than 39.

defendant has a prior felony conviction for distributing cocaine at age 20 [PSR, ¶ 29], for which the state court imposed a four-year suspended sentence [*Id.*]. As a result of the defendant receiving a suspended sentence for this conviction, the defendant accrued only one criminal history point, pursuant to U.S.S.G. § 4A1.1(b). The government points out that had the defendant been incarcerated for even 60 days of this sentence, the conviction would have yielded two criminal history points, rendering the defendant ineligible for the safety valve reduction and subject to the 20-year statutory mandatory minimum. The government also notes that the defendant had an arrest for conduct relating to the defendant's presence in a vehicle from which gunshots were fired and firearms discarded while the vehicle was in flight from police [*Id.*, ¶ 37]. The PSR also notes, however, that the criminal charges against the defendant arising out of this conduct were ultimately dismissed [*Id.*].

While the Court recognizes its discretion to deny a request for a reduction in sentence pursuant to the retroactive Guidelines amendment, *United States v. Stevenson*, 332 F. App'x 261, 262 (6th Cir. 2009), even when the defendant is technically eligible for such a reduction, the Court has considered § 3582(c)(2), § 1B1.10, and the relevant § 3553 factors in determining whether and to what extent the defendant's sentence may be reduced, and based upon that consideration, the Court respectfully disagrees with the government's position that a reduction is not warranted. The Court denied, at the initial sentencing hearing, the government's motion to depart or vary upwards pursuant to U.S.S.G. § 4A1.3(a)(1), which permits a court to depart apart from the Guidelines if the court finds that a defendant's criminal history category under-represents the seriousness of the defendant's criminal

7

history, or the likelihood that the defendant will commit other crimes. U.S.S.G. § 4A1.3(a)(1). At that hearing, the Court reviewed the defendant's criminal history and determined that a departure or variance was not warranted because the majority of the defendant's prior charges were dismissed and because the circumstances surrounding the instant offense did not involve violence. The Court has again considered the defendant's criminal history and his personal history and characteristics, along with the nature of the defendant's offense, and finds, as it did at the initial sentencing, that an upward departure or variance is not warranted and that the factors that supported the Court's determination at the initial sentencing apply equally today.

Thus, under § 3582(c)(2) and pursuant to the factors identified in § 1B1.10 and the relevant § 3553 factors, the Court has considered the nature and circumstances of the defendant's offense, the defendant's history and characteristics, his criminal history, including convictions for possession of illegal drugs, driving without a license, criminal trespass, and other vehicular offenses, in addition to the evidence and argument presented at the defendant's initial sentencing regarding his alleged gang affiliation, information regarding the defendant's substance abuse history, and the defendant's desire to receive drug treatment. The Court also notes that the instant offense involved drugs, and that the defendant's prior offenses and arrests involved drugs and firearms, circumstances which do raise a risk of violence. However, the Court notes that the instant offense did not involve violence and that the defendant was found to be entitled to the safety valve reduction. The Court also considered the need for the sentence imposed to reflect the seriousness of the

offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment. The Court has also considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). Finally, the Court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offenses, and the need to protect the public. *See* U.S.S.G § 1B1.10, cmt. n.1(B)(ii).

Amendment 750 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities by "restor[ing] fairness to Federal cocaine sentencing." *See* FSA. The Court previously considered the § 3553 factors at the defendant's initial sentencing and ultimately determined that a sentence 21% above the bottom of the defendant's applicable Guidelines range was appropriate. A similar revised sentence, given the amended Guidelines range, would be a sentence of 40 months' imprisonment.

Records received from the BOP indicate that the defendant has maintained a clear conduct record throughout his term of incarceration and his case manager has indicated that the defendant maintains an appropriate rapport with both staff and inmates. The defendant has been consistently working while incarcerated and he has received "Good" evaluations throughout his stay in prison. The defendant has also taken and completed the following programs: Parenting Classes, Community Resources Class, Interviews-Job Fair Information, and the Financial Management, Wellness, and the Employment Class. The BOP records do

9

not indicate that the defendant has received any form of discipline. Finally, the defendant completed the RDAP program on October 7, 2011 and completed follow-up counseling on February 2, 2012.

In sum, after considering § 1B1.10 and the relevant § 3553 factors, the Court finds a reduction in the defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels for crack cocaine offenses promulgated by the FSA and implemented through Amendment 750. The Court has also taken into consideration the risk the defendant poses to public safety, the nature and circumstances of his offense, his criminal history, and his post-sentencing conduct. Accordingly, because the Court finds that factors similar to the ones that applied at the defendant's initial sentencing also apply at this time, and because the Court does not have any new information regarding the defendant's conduct that causes it to reach a different conclusion under the § 3553 factors, the Court will reduce the defendant's sentence to a term of 40 months' imprisonment. This reduction in sentence shall take effect ten (10) days from the entry of this order to allow the BOP time to fully comply with its statutory obligations.

## III. Conclusion

Accordingly, and for the reasons given above, the defendant's Motion for Resentencing Pursuant to the November 1, 2011 Retroactive Amendment to the Sentencing Guidelines [Doc. 33] is **GRANTED** and the defendant's sentence is reduced to **40 months' imprisonment, such reduction to take effect ten (10) days from the entry of this order** to allow the BOP time to fully comply with statutory obligations. The Clerk of Court is

**DIRECTED** to issue an amended judgment in accordance with this order. The amended judgment shall also include the following language: If this sentence is less than the amount of time the defendant has already served, the sentence shall be reduced to a "time served" sentence.

      IT IS SO ORDERED.

                                              s/ Thomas A. Varlan
                                              UNITED STATES DISTRICT JUDGE